UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES CARGILE, | : | Case No. 1:07-cv-965 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES COURTHOUSE, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) DEFENDANT'S UNOPPOSED MOTION TO DISMISS (Doc. 3) BE GRANTED; AND (2) THIS CASE BE CLOSED**

Plaintiff Lonnie Charles Cargile initiated this action by filing a *pro se* complaint in the Court of Common Pleas of Hamilton County, Ohio, naming "United States Courthouse" as Defendant. (*See* Doc. 2.) (*Id.*)

Defendant removed the action to federal district court pursuant to 28 U.S.C. §§ 1442, 1446. (Doc. 1.) The federal court has subject matter jurisdiction over this matter because it appears to be an action against "the United States or any agency thereof or any officer . . . of the United States or of any agency thereof." 28 U.S.C. § 1442(a)(1).

On January 4, 2008, Defendant filed a motion to dismiss the complaint for lack of *in personam* jurisdiction and for failure to state a claim upon which relief could be

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

granted.  (*See* Doc. 3.)  Because Plaintiff did not respond to the motion, the Court issued an order directing him to show cause why the motion should not be construed as unopposed and granted.  (*See* Doc. 4.)  Plaintiff has not responded to the order to show cause.

Plaintiff's failure to respond warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); s*ee also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Dismissal is also warranted on the merits because it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See* Fed. R. Civ. P. 12(b)(6); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

The complaint in its entirety reads as follows:

> Since this year 2007, I  have filed several In Forma Pauperis [sic] in said United States District Court House, Potter Stewart Building, room #103 and I have not receive[d] any answer from them.  Except verbal answers that my personal embossed Identification Stamp was an official Notary Public Seal and that I was qualified to be a Marshall and this was about at least three months ago or longer.  If said letters are true, why have I yet received literal answers about my legal qualifications and my redress of grievances in said District Courthouse, et al etc. [sic]

(Doc. 2.)

Rule 8 of the Federal Rule of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule further provides that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Dismissal is proper because the complaint does not include a demand for relief.

Moreover, even when the allegations are accepted as true and construed in a light favorable to Plaintiff, he has failed to state a claim which would entitle him to relief. Neither the asserted authenticity of his identification stamp nor his alleged qualification to be a marshal serve as the basis for providing prompt answers to the purported applications for *in forma pauperis* status.

Moreover, a review of the Court's docket reveals that a Permanent Injunction was entered on November 21, 2006, enjoining Plaintiff from filing any civil lawsuits in this Court *in forma pauperis* until he has paid the entire $350.00 filing fee due in a prior action, *Cargile v. United Nations*, Case No. 1:06-cv-730 (S.D. Ohio Nov. 21, 2006) (Doc. 5). The terms of the injunction were repeated in a recent decision of this Court, as follows:

> Mr. Cargile was ordered to attach a copy of the judgment and permanent injunction, the accompanying Order, and proof of payment of the entire $350.00 filing fee in Case No. 1:06-cv-730 to any future complaint filed in this Court in which Mr. Cargile seeks to proceed *in forma pauperis*. The Clerk of Court was also directed to reject any *in forma pauperis* complaints from plaintiff unless he complies with the Court's instructions. Case No. 1:06-cv-730 (S.D. Ohio Nov. 21, 2006)(Doc. 5). Mr. Cargile was also

> warned that his failure to comply with the terms of the Court's injunction shall be grounds to dismiss any complaint filed in this Court with prejudice and may subject plaintiff to contempt proceedings. *Id.*

*Cargile v. Hamilton County Courthouse, et al.*, Case No. 1:07-cv-914 (S.D. Ohio Nov. 5, 2007) (Doc. 2).

Plaintiff did not allege in the instant complaint that the several *in forma pauperis* applications which he purportedly filed in 2007 were submitted in compliance with the terms of the Permanent Injunction.

Thus, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 3) should be **GRANTED**; and

2. This case should be **CLOSED**.


Date:  3/14/08                             s/Timothy S. Black
                                           Timothy S. Black
                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES CARGILE, | : | Case No. 1:07-cv-965 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES COURTHOUSE, | : | |
| | : | |
| Defendant. | : | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).